# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JIMMY DON STEVENS                                                                                            PLAINTIFF

V.                                            4:14CV00379 JM/JTR

UNITED STATES OF AMERICA                                                                            DEFENDANT

## ORDER

Defendants have filed a Motion to Dismiss and a Supporting Brief arguing that this action should be dismissed, without prejudice, because Plaintiff failed to exhaust his administrative remedies. *Docs. 29 & 30.* Because Defendants have attached supporting documents in their Motion, it is more properly characterized as a Motion for Summary Judgment. *See* Fed. R. Civ. P. 12(d); *Country Club Estates v. Town of Loma Linda*, 213 F.3d 1001, 1005 (8th Cir. 2000) (providing that the party opposing the motion must be placed on notice that it is being construed as a request for summary judgment).

Plaintiff must respond to that Motion. At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). This means that Plaintiff's Response must include his legal

arguments, as well as affidavits,[1] prison records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial.

Finally, Plaintiff is advised that if he intends to rely on documents that have been previously filed in the record, he must specifically refer to those documents by docket number, page, date, and heading. The Court will not sift through the file to find support for Plaintiff's factual contentions. *See Crossley v. Georgia-Pacific, Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

1. The parties are notified that the Motion to Dismiss *(Doc. 29)* will be treated as a Motion for Summary Judgment.

2. Plaintiff must file a Response to that Motion **within thirty days of the entry of this Order.**

3. Plaintiff is advised that if he fails to timely do so, the case may be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

---

[1] The affidavit must be based upon the personal knowledge of the person executing the affidavit *and must be either*: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746.

Dated this __10th__ day of March, 2015.

                                                            _/s/ J. Thomas Ray_____
                                              UNITED STATES MAGISTRATE JUDGE